# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RASHAD KAREEM | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV413-265 |
| HOME SOURCE RENTAL, | ) | |
| Defendant. | ) | |

## ORDER

Proceeding *pro se*, Rashad Kareem has filed a form complaint against Home Source Rental (HSR). Doc. 1. He cites no particular remedy but, liberally construed, it appears that he wants to recover damages from HSR for having him falsely arrested on theft and conversion charges. *Id.* at 3-4. Kareem, who lists a non-prison address, *id.* at 5, also seeks leave to file his case *in forma pauperis* (IFP). Doc. 3.

Other than listing a "1997 Jeep," he claims complete destitution, *plus* four dependents. Doc. 3 at 1-2. The Court ordinarily grants IFP status if a plaintiff demonstrates that he cannot, because of his poverty,

afford to pay the costs of litigation and still provide for himself and any dependents. 28 U.S.C. § 1915. Complete destitution need not be shown, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), but if one can pay the Court's filing fee without undue hardship then IFP will be denied. *Id.*; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (an applicant must show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

It undeniably costs money to live. So it is simply hard to believe that Kareem, supporting four dependents, subsists on zero income, zero savings, and a single asset. Doc. 3. Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game,[1] the Court has demanded supplemental information from

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D.Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D.Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and

dubious IFP movants. *See, e.g., Robbins v. Universal Music Group*, CV412-292, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).[2]

To that end, it tolerates no lies. *Ross v. Fogam*, CV411-114, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, CV411-127, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district

---

determined that plaintiff in fact had the ability to pay the court's filing fee).

[2] *See also Lister v. Department of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds,).

court.").[3]

Given the totality of the circumstances, it will do likewise here.[4]

---

[3] Furthermore, liars are prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

[4] Three important points must be underscored here:

> First, proceeding [IFP] in a civil case is a *privilege* or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at * 1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

*Lafontaine* also extended to non-prisoner IFP movants a pay-to-pay, installment payment plan analogous to what Congress imposed upon prisoners under its Prison Litigation Reform Act (PLRA), which is expressed in statutory provisions like § 1915 (a)(1), (b)(1)(2). *Lafontaine*, 2013 WL 4048571 at * 2; *see also Kelner v. Harvin*, 2010 WL 2817262 at * 1 n. 5 (D. Kan. July 16, 2010) (It has been held that the exhaustion, full/initial partial payment, and three-strikes provisions of the current [IFP] statutes do not apply to [IFP] litigants who are not prisoners. Nevertheless, several courts including the Tenth Circuit have applied this subsection which does not refer to prisoners, to suits brought by non prisoners."). The Court is considering likewise here, since cost-free litigation too easily enables recreational if not nuisance litigation. That further necessitates more detailed financial data from Kareem.

4

Therefore, within 14 days from the date of this Order, Kareem shall disclose to the Court the following information:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment;

(5) Whether he has any credit or debit cards;

(6) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether he anticipates any future income within the next year;

(8) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Providing this information will answer the obvious question that arises here: If Kareem has no money *at all*, how does he live? Finally, plaintiff must again declare the facts he pleads to be true under penalty

of perjury.[5] If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Kareem's convenience.

**SO ORDERED** this 9th day of December, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] He has done so on his IFP motion. Doc. 2 at 2.

6